UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERMAN LEE SMITH, SR.,

     Plaintiff,

v.                                                          CASE NO. 8:24-cv-1892-SDM-TGW

OFFICER WILSON,

     Defendant.

_____/

**<u>ORDER</u>**

     Smith filed a civil rights complaint and an earlier order (Doc. 7) grants him

leave to proceed *in forma pauperis*.  Defendant Wilson accepted service of process and

moves to strike Smith's action under the "three-strikes" provision in 28 U.S.C.

§ 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if the
> prisoner has, on 3 or more prior occasions, while incarcerated
> or detained in any facility, brought an action or appeal in a
> court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon
> which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

     "[F]ederal courts in this circuit may properly count as strikes lawsuits or

appeals dismissed as frivolous, malicious or failing to state a claim upon which relief

may be granted." *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1998), *abrogated on*

*other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Smith's actions that qualify as a

"strike" under Section 1915(g) include *Smith v. Joseph*, No. 6:24-cv-1019-CEM-LHP (M.D. Fla. July 9, 2024); *Smith v. Walker*, 6:24-cv-644-WWB-RMN (M.D. Fla. May 5, 2024); and *Smith v. Tomson*, 1:21-cv-23739-DMM (S.D. Fla. Dec. 15, 2021).  And most recently, both *Smith v. Wilson*, 8:24-cv-2181-MSS-LSG (M.D. Fla. Oct. 17, 2024), and *Smith v. Walker*, 6:24-cv-1976-WWB-EJK (M.D. Fla. Nov. 4, 2024), which were dismissed based on the "three-strikes" provision in Section 1915(g).

The present civil rights complaint alleges that in August 2024, Defendant Wilson intentionally injured Smith's hand.  The "under imminent danger" exception to preclusion under Section 1915(g) is limited to present danger; past danger is insufficient.  *See Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) ("To satisfy this exception, the prisoner must show he is in imminent danger at the time that he seeks to file his suit in district court.") (internal quotation omitted); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to § 1915(g)."); *see also Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) ("[P]ast harm is insufficient to meet the imminent-danger requirement.") (citing *Medberry*).

Because he has had three or more dismissals that qualify under Section 1915(g) and because he is not under imminent danger of serious physical injury, Smith is not entitled to proceed *in forma pauperis*.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The purpose of the PLRA is to curtail abusive prisoner litigation.").  This preclusion against proceeding *in forma pauperis* is without regard to

the merits of the present civil rights complaint. Smith may initiate a new civil rights action by both filing a civil rights complaint and paying the $405.00 filing fee.

Wilson's motion (Doc. 29) to strike the second amended complaint is **GRANTED**. The earlier order (Doc. 7) granting Smith leave to proceed *in forma pauperis* is **VACATED**, and under Section 1915(g), the second amended complaint (Doc. 9) is **DISMISSED** without prejudice to a new action, a new case number, and the payment of the $405.00 filing fee. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on August 11, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE